PER CURIAM.
After pleading no contest to an extortion charge and being adjudicated guilty, Appellant received a suspended 10-year prison sentence and 10 years’ probation on January 25, 1990, after which his probation officer met to discuss the conditions of probation. In a May 1990 affidavit, Appellant was found to be in violation of Condition 11, inter alia, which had specified: “Complete Department of Corrections Substance Abuse Class.” The affidavit stated that Appellant had been verbally instructed in early March to report to the DOC’s drug abuse class beginning March 6, 1990, and had failed to do so. On July 30, 1990, the trial court ordered a modification of probation based on violations of Condition 11 and five other conditions. Appellant was ordered to reside at the Tallahassee Probation and Restitution Center (“Center”) for 11 months, 29 days. A second affidavit, dated November 30, 1990, alleged a violation of Condition 11 and two other conditions. At the June 2, 1992, violation of probation hearing, the probation officer testified that the class that Appellant had been ordered to attend was held at the public library in Gadsden County in March 1990, but he acknowledged that the written order showing the conditions of probation was not sent out until May 1990.
On his own behalf, Appellant testified that he did not remember the probation officer’s telling him to attend a specific class at the library, and that while in residence at the Center, Appellant had attended a substance abuse class that he thought would satisfy Condition 11. The state recognized that the key probation violation was the failure to attend the DOC class, and the trial court found Appellant to be in violation of Condition 11 only. He was sentenced to 10 years in prison.
Appellant argued on appeal that the state had failed to demonstrate that his noncompliance with the conditions of probation was willful. The state offered no evidence to rebut Appellant’s contention that attendance at the substance abuse class at the Center fulfilled the requirements of Condition 11. The same failure to act, on which Appellant’s probation was revoked on July 30, 1990, was used again to revoke probation on June 2, 1992. The state concedes that, under the instant facts, the challenged order revoking probation was error. We agree.
Accordingly, we REVERSE the order revoking probation, and REMAND with directions for the trial court to reinstate the order of probation.
SMITH, MICKLE and LAWRENCE, JJ., concur.